## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

KAREN RABIN,

Plaintiff,

vs.                                                   Case No.:

NATIONS RECOVERY
CENTER INCORPORATED,

Defendant.

_____/

### COMPLAINT

1.       Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C.
1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat.  559.55
et seq. ("FCCPA").

### JURISDICTION

2.       Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant
to 15 U.S.C. § 1692 et seq. ("FDCPA"), and pursuant to the Florida Consumer Collection
Practices Act, Fla. Stat. 559.55 et seq.

3.       This action arises out of Defendant's violation of the Fair Debt Collection
Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasion of Plaintiff's personal
and financial privacy by this Defendant and its agent in its illegal effort to collect a consumer
debt from Plaintiff.

4.       Venue is proper in this District because the act and transaction occurred here,
Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5.      Plaintiff, KAREN RABIN, is a natural person who resides in the City of Coconut Creek, County of Broward, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.      Defendant NATIONS RECOVERY CENTER INCORPORATED, (hereinafter "Defendant Nations Recovery") is a collection agency operating from an address of 6491 Peachtree Industrial Blvd., Doraville, GA 30360, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.      Defendant Nations Recovery regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8.      Defendant Nations Recovery regularly collects or attempts to collect debts for other parties.

9.      Defendant Nations Recovery was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10.      Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11.      Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

12.      Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

13.      The following third-party heard the message while at or visiting Plaintiff's residence on one or more occasions: Plaintiff's sister, Ellen Raab.

2

14.     Plaintiff did not authorize Defendant to communicate with the third parties.

15.     No court authorized Defendant to communicate with the third parties.

16.     The third parties had no legitimate business need for the information communicated in the telephone messages.

17.     Defendant knew or had reason to know that the third parties had no legitimate business need for the information communicated in the telephone messages.

18.     The messages communicate information affecting Plaintiff's reputation.

19.     Defendant knew or had reason to know that persons other than Plaintiff may hear its telephone messages left at Plaintiff's residence.

## COLLECTION CALLS

20.     In or about October, 2012, Defendant Nations Recovery's collector attempted more than once to contact Plaintiff by telephone in an effort to collect this debt, these attempts were "communications" in to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). More specifically, Defendant left the following message on Plaintiff's home answering machine:

> "Hello Karen Rabin, this is David Rose calling from Nations Recovery Service. This communication is from a debt collector regarding collections of a debt. The number I should be reached is 1-800-935-1139, extension is 3033".

21.     During at least one of Defendant's attempts to collect a debt from Plaintiff, Defendant left a voice mail message on Plaintiff's answering machine identifying himself as a debt collector.

22.     Defendant repeatedly attempted to collect this debt with intent to harass Plaintiff.

## SUMMARY

23.     The above-described collection communications made to Plaintiff by Defendant Nations Recovery, and a collection employee employed by Defendant Nations Recovery, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c,  as well as the FCCPA § 559.72(5).

24.     The above-detailed conduct by this Defendant of harassing Plaintiff in its effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as invasions of Plaintiff's privacy by intrusions upon seclusion and by revelation of private financial facts and resulted in actual damages to this Plaintiff.

25.     Defendant's disclosure of Plaintiff's indebtedness to a third party was an invasion of his privacy and his right to financial privacy.

## TRIAL BY JURY

26.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION
## COUNT 1
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

27.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     The foregoing act and omission of the Defendant and its agent constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

29.     As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

COUNT 2
INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY
REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

30.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

31.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  15 U.S.C. § 1692(a) (emphasis added).

32.     Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those

customers' nonpublic personal information.   15 U.S.C. § 6801(a) (emphasis added).

33.     Defendant and/or its agent intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded the Plaintiff's privacy.

34.     Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by unlawfully disclosing information about this debt to Ellen Raab, and thereby invaded Plaintiff's right to financial privacy.

35.     Defendant disclosed Plaintiff's alleged indebtedness to Ellen Raab.  Defendant knew or had reason to know that the third party did not have a legitimate need for the information.

36.     The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

37.     The conduct of this Defendant and its agent, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in an intrusion and invasion of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

<u>COUNT 3</u>
<u>VIOLATION OF 559.72(5) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT</u>

38.     Defendant disclosed Plaintiff's alleged indebtedness to a third-party, Ellen Raab. Defendant knew or had reason to know that third-party Ellen Raab did not have a legitimate need for the information.

39.     As a result of the improper disclosure to a third party, Plaintiff's reputation has been affected.

## COUNT 4
## VIOLATION OF 559.72(7) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

40.     Defendant repeatedly attempted to collect a debt from Plaintiff with intent to annoy or harass Plaintiff.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)     Damages and

B)     Attorneys' fees and costs

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated:  October 25, 2012                    Respectfully submitted,

                                            s/ J. Dennis Card Jr.
                                            J. Dennis Card Jr., Esq.
                                            E-mail: Dcard@consumerlaworg.com
                                            Florida Bar No.  0487473
                                            Consumer Law Organization, P.A.
                                            2501 Hollywood Boulevard, Suite 100
                                            Hollywood, Florida 33020
                                            Telephone: (954) 921-9994
                                            Facsimile: (954) 921-9553
                                            Attorney for Plaintiff